## In re Bentley.

April 22, 1947.

Funk, Chancellor and Darnell for respondent.

—Confirming recommendation of Board of Bar Commissioners.

PER CURIAM.

At the September 6, 1946 meeting of the Pike County Bar Association a special committee was appointed to make an investigation of the professional conduct of V. R. Bentley, a member of that Bar, in connection with certain litigation in which Bentley acted as counsel. A hearing was conducted by the special committee, the respondent, Bentley, being present, and a transcript of the testimony at that hearing forwarded to the Board

of Bar Commissioners of the Kentucky State Bar Association, for such further hearings as they deemed necessary.

The transcript of the Pike County hearing was treated as a complaint by the Board of Bar Commissioners, and respondent filed a response and exhibits. A committee was appointed to conduct further hearings and investigation and to make recommendations to the Board of Bar Commissioners. This committee held a hearing at Pikeville, Kentucky, on December 16, 1946, and a transcript of the testimony taken at that hearing was filed with the record in this Court.

The offense of which respondent is accused is that of signing the names of certain of his clients to affidavits, instead of requiring those clients to sign their own names, and the signing of the name of a notary public to jurats without the knowledge or consent of the notary whose name he signed. This offense is alleged to be at least a technical forgery.

The respondent did not deny having done the acts complained of, and pleaded, as his sole defense, the difficulty of obtaining the signatures of the clients and the notary because of the distance from his office to the homes of his clients, and the undue press of business, requiring him to expedite completion of the instruments in this manner. The respondent placed himself at the mercy of the Board of Bar Commissioners and the Court, setting out the extreme personal and domestic difficulties under which he has labored for a number of years, and stating his belief that those difficulties were instrumental in causing him to do things he would not otherwise have done. The respondent further produced some fifteen letters written by members of the Pike County Bar Association, all crediting the good reputation enjoyed by the respondent as a lawyer and citizen. Testimony of the same portent was given at the hearing in behalf of respondent by a number of witnesses.

The Board of Bar Commissioners has recommended, on completion of hearings and investigation, that the respondent be suspended from the practice of law for a period of thirty days, effective as provided in Rule 3.450 of the Rules of Procedure in disciplinary cases. The respondent filed his response to the recommendation of the

Board of Bar Commissioners, waiving the issuance of a rule against him, and agreeing that the recommendation be confirmed.

It is therefore the judgment of the Court that the recommendation of the Board of Bar Commissioners of the State Bar Association of Kentucky be and it is now confirmed, and it is now ordered that the respondent, V. R. Bentley, be and he is hereby suspended from the practice of law for a period of 30 days, effective July 1, 1947.