# In re Allen et al.

June 25, 1948.

Kash C. Williams and John D. Darnell for respondents.

Confirming recommendations.

The two respondents, Allen and Back, are each members of the Wolfe County Bar. Proceedings were instituted before the Kentucky Bar Association to disbar or otherwise penalize them on the grounds that they were guilty of unethical practice, fraud, perjury and forgery in the prosecution of their profession. The proceeding was instituted in strict compliance with the statute and the rules of this court made and promulgated pursuant thereto. The charges were denied by respondents and a trial committee was appointed by the Board, consisting of Hon. Joseph D. Harkins, of Prestonsburg, Kentucky, and Hon. T. J. Knight, of Louisville, Kentucky, as commissioners to take proof and report their recommendations to the Board. They did so and recommended that respondent Allen be suspended from practice for one year, and that respondent Back only be reprimanded, since the committee concluded that he was a young man just beginning the practice in connection with Allen, somewhat in the capacity of office boy, obeying the instructions of his superior. The Board, upon due consideration of the report of the trial committee, made its recommendation as above stated, except it recommended suspension of respondent, Back, for one month, followed by respondents filing the entire record in this court for review.

The records in some of the cases in which the two respondents officiated as counsel were made a part of the record and are before us. The charges made as oc-

curring in some of them, while not altogether proper, are perhaps insufficient to justify the infliction of any penalty. However, the conduct of respondents in other cases are not only flagrantly in violation of professional ethics, but are also punishable criminally.

In the divorce case of Watkins v. Watkins the evidence thoroughly establishes that respondent, Allen, verified the petition of the husband against his wife, the former of whom was in the military service of the government, in which he swore in order to obtain a warning order against defendant therein that she was a nonresident and absent from the state, when at that time she was actually residing in Winchester, Clark County, Kentucky. The father of the husband, pursuant to instructions of his son, employed Allen and Back to file the divorce action. He testified in this proceeding that he attempted to state the residence of Mrs. Watkins when Allen said to him, in substance, that he did not want to know where she resided, and later he prepared the petition stating that she was a nonresident of the state and he in person verified the petition. The court after hearing the evidence in that case granted a divorce to the husband, but—apparently during the same term—the defendant therein obtained knowledge thereof and entered her appearance in the cause and moved the court to set aside the judgment which the court did. The only testimony purporting to have been taken in that case was that of the plaintiff's parents, and they testified at this hearing that they gave no such depositions.

The testimony also shows that in a number of cases practiced by the two respondents the plaintiff's petitions were signed ''Allen and Back, Attorneys for Plaintiff,'' and that Back would then solicit from the defendants employment of himself to defend the cause. One of those cases was to recover damages for injuries sustained by plaintiff in an automobile accident which was produced as alleged by the negligence of defendant in that case. Back was employed in the manner stated above by the defendant and filed an answer confessing the negligence. The trial committee found the facts to be as stated and which is supported by abundant evidence.

In a third case, practiced by respondents, a mandatory injunction was sought against the defendant therein. In the absence of the circuit judge from the county respondents applied to the county judge for a temporary restraining order, or temporary injunction. They procured that officer to sign his official name to a blank form of injunction and thereafter wrote above his signature the mandatory injunction which their client sought.

Guilty conduct of each respondent, equally as reprehensible as that in the three cases referred to—but in some of them less reprehensible—was proven, but we deem it unnecessary to either mention or discuss them. Suffice it to say that the proven conduct pursued in the practice of the three cases referred to are sufficient to uphold complete disbarment of respondent, Allen, and a more severe penalizing of respondent, Back. From the evidence heard by the commissioners the disciplining order from which this appeal is prosecuted, to say the least of it, was exceedingly lenient to both respondents.

, Wherefore, the recommendations of the Board are confirmed.

Judge Knight not sitting.