### Application of ALLEN.

November 17, 1950.

John Darnell for petitioner.

PER CURIAM.

Leebern Allen was suspended from the practice of law from June 25, 1948 to June 25, 1949, 307 Ky. 855, 212 S. W. 2d 328. He began practicing immediately after the expiration of his suspension period. Complaint was made that he engaged in the practice of law during the period of his suspension and that he began practicing without making application for reinstatement. There was also a groundless charge that he had exacted an unwarranted fee in one case. After the matter was brought to the attention of this Court and the State Bar Association Mr. Allen made application for reinstatement. The question was referred to a Trial Committee and it is now before us on the recommendation of the Board of Bar Commissioners that Mr. Allen be reinstated to the practice of law.

According to Mr. Allen's interpretation of Rule 3.530, he had a right to begin practicing after the expiration of his period of suspension. He says that he brought this matter to the attention of the judge of the Wolfe Circuit Court. On the other hand, the complainants take the position that under Rule 3.560 a member of the Association who has been disbarred or suspended cannot begin practicing until he has made application for reinstatement.

The Rules in question follow in part:

"3.530. When it comes to the attention of the Board that any person who has been disbarred, or who has been suspended from practice and whose period of suspension has not expired, is undertaking directly or indirectly to practice law, the matter shall be referred to the President of the Board's committee on unauthorized practice of law or such other appropriate committee as may be provided for in the By-Laws or appointed by the President. * * *."

"3.560. Any member of the Association who has been disbarred or who has been suspended from practice for any cause other than failure to pay dues may apply for reinstatement. All applications for reinstatement, whether the applicant has been disbarred and whether or not, if suspended, his time of suspension has elapsed, shall be made in writing to the Court, and shall contain the information required to be contained in an application made under RCA 3.550, * * *."

It is apparent at once that there is some confusion in these Rules. They should and will be redrafted, with the view of removing the inconsistency. Under the circumstances we think the Board of Bar Commissioners properly recommended that Mr. Allen be reinstated to the practice of law, and it is so ordered. He should not be censured for having engaged in the practice of law after June 25, 1949, the date his period of suspension ended. Therefore, this order shall be construed as becoming effective June 26, 1949.