## In re James B. MINIARD.

Court of Appeals of Kentucky.

Sept. 30, 1966.

Charles S. Cassis, Gen. Counsel, Kentucky State Bar Ass'n, Frankfort, for complainant.

James B. Miniard, pro se, Lexington, for respondent.

PER CURIAM.

Charges preferred by the Fayette County Bar Association and the Kentucky State Bar Association against respondent James B. Miniard, an attorney, resulted in a recommendation to this court by the Board of Governors of the Kentucky State Bar Association that respondent be permanently disbarred from the practice of law in this Commonwealth. Respondent admits the charges against him are true and contends only that the degree of discipline recommended by the board pursuant to RCA 3.-175 is too severe for the unethical and unprofessional conduct admitted.

It is urged on behalf of the Board of Governors of the Kentucky Bar Association that its recommendation of disbarment is fully justified by the admitted charges of misconduct.

In the interest of a complete public record and for use in determining the reasonableness of the recommendation, we set out, in detail, without relish or zest, the nature of the charges. It is charged, and admitted by respondent, that on May 5, 1965, he caused to be filed in the Jackson Circuit Court a complaint, styled Dorothy Smoot Jones v. Roy Jones, seeking a divorce in which it was alleged Dorothy Smoot Jones was a resident of Jackson County, he knowing that she was not then and never had been a resident of Jackson County. It is further charged that there was later filed in the record in Jackson Circuit Court the deposition of Dorothy Smoot Jones and Hazel White purported to have been taken in the office of and by respondent; that the said depositions were fraudulent in that neither Dorothy Smoot Jones nor Hazel White ever appeared at the taking of said depositions, were not examined by respondent, and the certificate of the notary public was also untrue and false; that on learning of the false and fraudulent depositions, which were the basis for the entry of a divorce judgment, Dorothy Smoot Jones and Hazel White filed affidavits which resulted in setting aside the divorce judgment on the ground it was fraudulently and illegally obtained.

We repeat, respondent admits the charges.

Respondent relied on the case of In re Bentley, 304 Ky. 554, 201 S.W.2d 712 (1947), to support his contention that the recommendation of the Board of Governors is excessive and not "commensurate with the violation." Bentley was only suspended for thirty days for signing the names

of witnesses to their depositions without their consent and the forgery of the notary certificate. His contention was that the witnesses had given their depositions and were not conveniently available to sign their names. In addition, fifteen letters by local lawyers urged leniency. Bentley also claimed that he had been laboring for a number of years under extreme personal and domestic difficulties.

In Bentley there was no motive to defraud. The witnesses and notary public no doubt would have signed their names had the depositions been presented to them. We do not consider the charges against Bentley like or similar to the present case.

Respondent relies heavily on In re Allen, et al., 307 Ky. 855, 212 S.W.2d 328 (1948), which has some similarity to the case at bar, but has not the bold and calculated element of fraud present in the case at bar. Allen made affidavit for warning order attorney in which he stated the defendant was a non-resident of the state and absent therefrom. He apparently did not want to know the place of residence of defendant as he stated as much when the father of plaintiff attempted to tell him.

In Allen, the court accepted the recommendation of thirty days suspension but observed in the opinion that: "From the evidence heard by the commissioners the disciplining order from which this appeal is prosecuted, to say the least of it, was *exceedingly lenient* to both respondents." (Emphasis added.)

Other cases cited by respondent are not considered helpful to respondent's contention.

Very similar unprofessional conduct was shown In re Gilbert, 274 Ky. 187, 118 S.W. 2d 535 (1933), and Rosenberg v. Common-

wealth, 255 Ky. 413, 74 S.W.2d 478 (1934). We quote from the former case:

"It is difficult to conceive of a more serious professional offense than the destruction of the verity of an examiner's certificate to depositions. Unless the courts can rely on the accuracy of depositions, the administration of justice would be hopelessly bogged down."

In this Commonwealth, nearly four thousand attorneys are licensed to practice. Law schools and bar examiners have inadequate means and little opportunity to determine whether the prospective lawyer has the fortitude of character and stamina of integrity essential to weather the storms of temptation that often beset members of the legal profession. The fourteen-member Board of Governors, a model system, was established to promote the observation of the canons of professional and judicial ethics and to weed out the unfaithful. The board is selected by the bar. Its recommendations are entitled to considerable respect.

The legal profession is largely responsible for the administration of justice and keeping straight the affairs of man. The tools of the profession involve rules of right and justice. When a member of this high and honorable profession discards such tools and substitutes in their place unfaithful and unethical practices, he runs the risk of losing the privileges of and membership in that profession.

The recommendation of the Board of Governors that respondent be permanently disbarred from the practice of law is considered reasonable and appropriate. It is accordingly ordered by this court that respondent James B. Miniard be permanently suspended from the practice of law in this Commonwealth.