**KENTUCKY STATE BAR ASSOCIATION,**
**Complainant,**

v.

**Edward E. BACH, Respondent.**

Court of Appeals of Kentucky.

June 9, 1972.

As Modified on Denial of Rehearing
June 30, 1972.

Edwin A. Schroering, Jr., Louisville, Charles S. Cassis, Gen. Counsel, Kentucky State Bar Assn., Frankfort, William C. Stone, Louisville, for appellant.

John D. Darnell, Frankfort, for appellee.

PER CURIAM.

The Board of Governors of the Kentucky State Bar Association has recommended that Edward E. Bach be permanently disbarred from the practice of law in the Commonwealth of Kentucky.

Edward E. Bach was charged with engaging in fraudulent practices, in preparing fraudulent pleadings and filing fraudulent depositions in a divorce action before the Morgan Circuit Court.

On February 13, 1969, respondent filed a divorce complaint in the Morgan Circuit Court for Dane Buckley against his wife, Lila Ruth Buckley. Signed depositions of Dane Buckley and a witness, Glenna Amburgy, were filed in the action. The case was submitted, and a judgment of divorce was entered on April 23, 1969.

Lila Ruth Buckley, by a separate action, asked the Morgan Circuit Court to set aside the judgment of April 23, 1969, on the ground that it had been obtained by fraud. The court so found, and the judgment was thereupon set aside.

The hearing held before the trial committee of the Kentucky State Bar Association established the following facts:

At the time the divorce action was filed, the plaintiff, Dane Buckley, was a nonresident of the Commonwealth of Kentucky, being at that time a resident of Portage, Indiana, from which address his first contact had been made with the respondent.

The signature of Dane Buckley on the divorce depositions was not in fact that of Dane Buckley.

The signature of Dane Buckley appearing on the divorce depositions had been affixed by the respondent, Edward E. Bach.

In 1948 the respondent and Leeburn Allen were disciplined by this court upon a charge of unethical practices, which included the filing of fraudulent divorce petitions and false depositions. See In Re Allen, 307 Ky. 855, 212 S.W.2d 328 (1948).

The trial committee, after hearing the evidence, reported to the Board of Governors that Edward E. Bach was guilty of the unprofessional conduct as charged and recommended that he be disbarred from the practice of law. The Board of Governors, after a review of the proceedings, found that Edward E. Bach was guilty of unprofessional and unethical conduct as charged and recommended that he be permanently disbarred from the practice of law.

We have reviewed the transcript of the evidentiary hearing before the trial committee and find that there was ample evidence to support the findings and recom-

mendations of the trial committee and the Board of Governors.

Cf. Louisville Bar Association v. Walker, 298 Ky. 877, 183 S.W.2d 26 (1944); In Re Miniard, Ky., 406 S.W.2d 736 (1966).

The recommendation of the Board of Governors that Edward E. Bach be permanently disbarred from the practice of law should be sustained. It is accordingly ordered by this court that the respondent, Edward E. Bach, be permanently disbarred from the practice of law in the Commonwealth of Kentucky.